UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* MATTHEW MILLER, DONALD K. BAKE, and SAAD KHAN,<br>　　　Plaintiffs,<br><br>　　　　v.<br><br>MANPOW, LLC,<br>　　　Defendant. | 2:21-cv-5418-DSF-ADSx<br><br>ORDER DENYING MOTION FOR ATTORNEYS' FEES AND EXPENSES<br><br>(Dkt. 204) |

　　　Before the Court is Defendant ManPow, LLC's Motion for Attorneys' Fees and Expenses. ("Mot.," Dkt. No. 204-1.) Relators Matthew Miller, Donald K. Bake, and Saad Khan filed an Opposition on February 5, 2024. ("Opp'n," Dkt. No. 212.) Defendant filed a Reply on February 12, 2024. ("Reply," Dkt. No. 214.)

　　　The Court deems this matter appropriate for resolution without a hearing pursuant to Local Rule 7-15. The Court DENIES the Motion.

## I.　BACKGROUND

　　　On July 2, 2021, Relators brought this action on behalf of the Government against Defendant under the *qui tam* provisions of the False Claims Act (FCA), 31 U.S.C. §§ 3729–3733. (*See* Dkt. No. 1.)

　　　On June 16, 2022, after several extensions, the Government declined to exercise its right under 31 U.S.C. § 3730(b)(4) to intervene.

(Dkt. No. 15.) On June 21, 2022, Relators served Defendant with the summons and original complaint. (Dkt. No. 18.)

Relators' claims arose from applications Defendant submitted under the federal government's Paycheck Protection Program (PPP). In response to the COVID-19 pandemic, Congress established the PPP via the Coronavirus Aid, Relief, and Economic Security Act (CARES) Act in March 2020 to provide emergency loan assistance to businesses. *See* Pub. L. No. 116-136, § 1102, 134 Stat. 281, 286-94 (2020). The program was administered by the U.S. Small Business Administration (SBA) and made billions of dollars in government-guaranteed loans available to qualified business for payroll retention and other authorized expenses. *See id.*

Relators' operative complaint alleged that Defendant, a real estate company, applied for and received loans and loan forgiveness through the PPP despite making materially false statements and certifications in its applications. ("SAC," Dkt. No. 112, ¶¶ 18, 43, 48-58.) Relators specifically alleged that Defendant falsely certified that (1) it had payroll expenses in its two PPP loan applications (*id.* ¶¶ 45, 47-48, 51, 56); (2) economic uncertainty made the two loans it requested necessary to support its ongoing operations (*id.* ¶¶ 52, 57); (3) the two loans' proceeds would be used only to retain workers and for other eligible expense categories (*id.*); (4) it would use all funds from its first PPP loan by the time it received its second PPP loan (*id.* ¶ 57); and (5) it had used all of its PPP loan proceeds prior to applying for loan forgiveness (*id.* ¶ 58). Relators also claim that (6) Defendant identified a false number of employees in its first PPP loan application (*id.* ¶ 49); and (7) Defendant falsely omitted in its loan forgiveness applications an affiliate that had received PPP loans (*id.* ¶ 58).

Relators stated two claims against Defendant under the FCA: (1) knowingly presenting, or causing to be presented, false or fraudulent claims for the government's payment or approval under 31 U.S.C. § 3729(a)(1)(A); and (2) knowingly making, using, or causing to be made

or used, a false record or statement material to a false or fraudulent claim under § 3729(a)(1)(B).  (SAC 17-18.)

On January 3, 2024, the Honorable Virginia A. Phillips granted Defendant's Motion for Summary Judgment as to all of Relators' claims and theories of liability articulated in their operative complaint.  (Dkt. No. 199.)[1]

Defendant's instant Motion seeking attorneys' fees and expenses under the FCA followed.  Defendant's Motion specifically seeks fees and expenses totaling $2,394,941.38 for services rendered litigating this case.  (Mot. 12.)

## II.    LEGAL STANDARD

The United States is not a loser-pays jurisdiction; hence, "in the absence of legislation providing otherwise, litigants must pay their own attorney's fees." *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 415 (1978) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)).  The FCA contains a provision that provides otherwise.  31 U.S.C. § 3730(d)(4) states that where the Government declines to intervene in an FCA action and the named relators proceed with the litigation, "the court may award to the defendant its reasonable attorneys' fees and expenses" if (1) "the defendant prevails in the action"; and (2) "the court finds that the claim[s] of the person bringing the action w[ere] clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment."

Because "awarding fees against a qui tam claimant may chill prospective relators from exposing frauds on the government," *U.S. ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1062 (9th Cir. 2011), "[t]he award of fees under the False Claims Act is reserved

---

[1] Due to the unavailability of Judge Phillips, the matter was transferred to this Court on February 21, 2024.

3

for rare and special circumstances," *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1006-07 (9th Cir. 2002). Indeed, the Ninth Circuit has "been extremely hesitant to find claims meritless," *Harris v. Maricopa Cnty. Superior Ct.*, 631 F.3d 963, 978 (9th Cir. 2011), and it remains "important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation," *Barnes v. Clark Cnty.*, No. 21-15137, 2022 WL 73052, at *3 (9th Cir. Jan. 7, 2022) (unpublished) (citation omitted) (quoting *C.W. v. Capistrano Unified Sch. Dist.*, 784 F.3d 1237, 1245 (9th Cir. 2015)).

Section 3730(d)(4)'s "standard tracks [the Ninth Circuit's] formulation as to when fees are appropriate under 42 U.S.C. § 1988 to a prevailing defendant." *Pfingston*, 284 F.3d at 1006. "As such, § 1988 cases are instructive in deciding whether fees are appropriate under the False Claims Act." *Id.*; *accord Mikes v. Straus*, 274 F.3d 687, 705 (2d Cir. 2001), *abrogated on other grounds by Universal Health Servs., Inc. v. United States*, 579 U.S. 176 (2016).

## III. DISCUSSION

The parties do not dispute—and the Court does not disagree—that Defendant is the prevailing party in this action, as Judge Phillips granted summary judgment in Defendant's favor and dismissed with prejudice all of Relators' claims and theories of liability. *See Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001) (defining a "prevailing party" as "[a] party in whose favor a judgment is rendered . . . ." (citation omitted)); *see also* Dkt. Nos. 199, 200. The Court therefore will assess § 3730(d)(4)'s remaining elements to determine whether Defendant is entitled to attorneys' fees and expenses under the FCA.

### A.     Clearly Frivolous

"An action is 'clearly frivolous' when 'the result is obvious or the [plaintiff]'s arguments . . . are wholly without merit.'" *Pfingston*, 284 F.3d at 1006 (citations omitted).  This is a "stringent standard," *Barnes*, 2022 WL 73052, at *3, though courts nevertheless may award attorney fees under § 3730(d)(4) where claims are "*objectively* frivolous, irrespective of [a] plaintiff's *subjective* intent," *Mikes*, 274 F.3d at 705.  A court generally should deny an attorneys' fees award, however, when "circumstances furnish some basis, albeit somewhat tenuous, for one to theorize" a claim, even when "evidence to support such a theory fail[s] to materialize," leading to summary judgment properly being granted. *Karam v. City of Burbank*, 352 F.3d 1188, 1196 (9th Cir. 2003).

Defendant invites the Court to analyze only Relators' original complaint to assess the frivolousness of this action without citing any controlling authority commanding such an approach.  (*See* Mot. 13-19.) It would appear the Court is not so limited.  *See, e.g.*, *Karam*, 352 F.3d at 1196 ("Based upon the circumstances known to [plaintiff] at the time she filed her complaint, *and preceding the summary judgment proceedings*, her First Amendment retaliation claims were not frivolous . . . ." (emphasis added)); *Barnes*, 2022 WL 73052, at *2 ("We . . . interpret [r]elator's *amended* complaint to have alleged two theories as to Defendants' allegedly false statements." (emphasis added)); *Boyd v. Accuray, Inc.*, No. 11-cv-01644-LHK, 2012 WL 4936591, at *4 (N.D. Cal. Oct. 17, 2012) ("*[A]fter the completion of discovery*, [p]laintiff did ultimately present a theory that [defendant] was depriving the United States of revenue . . . ." (emphasis added)); *Perry v. Pac. Mar. Indus. Corp.*, No. 3:13-cv-02599-LAB-JMAx, 2019 WL 2472615, at *2 (S.D. Cal. June 13, 2019) (assessing § 3730(d)(4) fees based on how a relator's claims fared at summary judgment).  The Court therefore does not confine its assessment of frivolousness to the four corners of Relators' original complaint.

Surveying the broader course of the litigation, the Court finds that Relators' action was not clearly frivolous.  As covered above,

5

Relators' operative complaint presented seven theories of false statements that Defendant allegedly had included in its PPP loan and loan forgiveness applications. (*See* SAC ¶¶ 45, 47-49, 51-52, 56-58.) Many of these theories—namely the third, fourth, and fifth theories regarding Defendant's proper and timely use of its PPP funds—fully materialized only after Judge Phillips twice permitted Relators to amend their complaint. (*See* Declaration of Majed Dakak Ex. B, Dkt. No. 57-1; Declaration of Ryan Davis Ex. B, Dkt. No. 98-3.) On both occasions, Judge Phillips found that Relators' amendments merely expanded on the existing theories in the original complaint, which itself had stated claims sufficient to survive a motion to dismiss. (*See, e.g.*, Dkt. No. 70 at 9 ("As the Court has denied Defendant's motion to dismiss under Rule 12(b)(6) finding the Complaint states viable claims under the FCA . . . , and the proposed amendment adds allegations elaborating the existing theories in the Complaint, amendment would not be futile." (citation omitted)); Dkt. No. 111 ("Relators' proposed SAC . . . only seeks to add facts in support of their previously pleaded claims . . . —claims that this Court already has deemed adequately pleaded in its . . . ruling on Defendant's Motion to Dismiss" (citation omitted); *see also* Dkt. No. 29.) Relators' claims proceeded to survive a motion for judgment on the pleadings (*see* Dkt. No. 155), and the parties engaged in contentious discovery efforts that resulted in the issuance of discovery sanctions against Defendant (Dkt. No. 113) and ultimately required a limited extension of the discovery period to resolve the parties' disputes (*see* Dkt. No. 136).

Defendant thus is relegated to arguing that Judge Phillips' grant of summary judgment demonstrates the frivolousness of Relators' claims. Though such grounds likely are insufficient to award Defendant § 3730(d)(4) fees, *see United States ex rel. Berg v. Honeywell Int'l, Inc.*, No. 3:07-cv-00215-SLG, 2017 WL 1843688, at *2 (D. Alaska May 8, 2017) ("The fact that this Court granted summary judgment in favor of [defendant] does not mean the result was 'obvious' or that [r]elators' arguments were 'wholly without merit.'"), Judge Phillips' summary judgment order confirms that at least some of Relators'

6

theories of liability remained viable until shortly before summary judgment proceedings.

    Though Judge Phillips granted summary judgment in favor of Defendant as to all of Relators' claims and theories of liability (Dkt. No. 199 at 43), it specifically found that Relators had demonstrated triable issues of material fact as to their claims' falsity element based on their third, fourth, and fifth theories of liability regarding Defendant's proper and timely use of PPP funds (*id.* at 27).  Relators' claims based on these theories failed only because the SBA's review of and subsequent inaction toward Defendant's PPP loan and forgiveness applications made clear that Defendant's potentially false misrepresentations were not material to the SBA's disbursement of loan and forgiveness funds.  (*See id.* at 35-42.)  Judge Phillips' finding on materiality substantially relied on two declarations Defendant had secured from SBA employees detailing the agency's review and inaction toward Defendant's applications.  (*See id.*)  As the parties are well aware, these declarations were not disclosed to Relators until ten days before the last day to file a summary judgment motion in this case (Dkt. No. 197 at 3), and their admissibility became the subject of extensive motions practice, which ran concurrently with the adjudication of Defendant's summary judgment motion (*see* Dkt. Nos. 166, 197).  In essence, Relators' claims remained viable on multiple theories of liability until Judge Phillips dismissed them at summary judgment based on materials the parties had procured not long before.  They were, therefore, not clearly frivolous or wholly without merit, and do not warrant awarding Defendant attorneys' fees.[2]

---

[2] Citing *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055 (9th Cir. 2006), Defendant argues in its Reply that it is entitled to at least the fees accrued for time spent defending against frivolous theories.  (Reply 6, 11-12.)  Setting aside that 42 U.S.C. § 1988 attorneys' fee cases like *Tutor-Saliba* are not controlling but merely "instructive" for purposes of assessing awards under 31 U.S.C. § 3730(d)(4), *Pfingston*, 284 F.3d at 1006, Defendant's citation does not compel the result it seeks for many reasons.

Defendant separately argues that Relators' suit was frivolous because their original complaint failed to make any allegations regarding scienter. (Mot. 19.) Again, Judge Phillips held otherwise when she denied Defendant's motion to dismiss, so Defendant's argument here too fails. (*See* Dkt. No. 29 at 14-17 (citing relevant

---

First, Defendant did not raise this argument in its Motion, so the Court need not address it. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.") Second, *Tutor-Saliba* stands for the proposition that certain frivolous and nonfrivolous *claims* may be distinguished for purposes of awarding fees, *see* 452 F.3d at 1062-64, not that varying *theories* of liability can be partitioned as Defendant would have the Court do. Indeed, as explained above, Relators two claims under 31 U.S.C. §§ 3729(a)(1)(A), (a)(1)(B) remained viable throughout a significant duration of this case based on multiple theories of liability. Third, even if the Court treated Relators' claims and theories interchangeably, *Tutor-Saliba* separated clearly distinct claims, namely constitutional due process, equal protection, and Commerce Clause claims from statutory claims under the Airport and Airway Improvement Act of 1982, 49 U.S.C. §§ 47101–47131 (2004). *See Tutor-Saliba*, 452 F.3d at 1059, 1064. The Court would be wary to do the same in this case, which involves two closely-related FCA claims requiring proof of the same four elements, for which Relators articulated seven theories of alleged falsity arising from the same four PPP applications Defendant submitted. Fourth, "[a]s the express text of § 3730(d)(4) makes clear, an award of attorneys' fees is not mandatory, even when a plaintiff's FCA claim was frivolous . . . ." *Gonzalez v. Planned Parenthood of L.A.*, No. 2:05-cv-08818-AHM-FMOx, 2015 WL 12659936, at *4 (C.D. Cal. Feb. 4, 2015). As the Ninth Circuit has instructed that attorneys' fee awards under § 3730(d)(4) be reserved specifically for "rare and special circumstances," *Pfingston*, 284 F.3d at 1006, the Court declines to issue a fee award based on a piecemeal assessment of Relators' theories of liability here, where Judge Phillips has found that Relators' original complaint adequately pleaded FCA claims, which spurred theories of liability that remained viable until their dismissal at summary judgment. *See United States v. Shasta Servs. Inc.*, No. 2:04-cv-01955-MCE-PANx, 2006 WL 2585524, at *2 (E.D. Cal. Sept. 8, 2006*)* ("This extraordinarily high standard can be met only if an action is wholly lacking in both legal merit and evidentiary support.").

8

excerpts of Relators' original complaint to hold that they had pleaded adequately the scienter element for their claims).)

## B. Vexatious or Harassing

"An action is 'clearly vexatious' or 'brought primarily for purposes of harassment' when the plaintiff pursues the litigation with an improper purpose, such as to annoy or embarrass the defendant." *Pfingston*, 284 F.3d at 1006 (citing *Patton v. County of Kings*, 857 F.2d 1379, 1381 (9th Cir.1988)). "However, even where [an] FCA claim [is] clearly . . . vexatious, or primarily harassing in nature, an award is not mandatory, but within the district court's discretion." *United States v. San Bernardino Mountains Cmty. Hosp. Dist.*, No. 17-cv-00002-JGB-KKx, 2020 WL 6150959, at *2 (C.D. Cal. Aug. 17, 2020) (citing *Pfingston*, 284 F.3d at 1006-07). Vexatiousness and harassment may be analyzed together. *See, e.g.*, *Pfingston*, 284 F.3d at 1006; *San Bernardino Mountains Cmty. Hosp. Dist.*, 2020 WL 6150959, at *4; *United States v. Gardens Reg'l Hosp. & Med. Ctr., Inc.*, No. 2:14-cv-08850-JFW-Ex, 2018 WL 6258893, at *2 (C.D. Cal. Feb. 6, 2018).

Defendant has not made a sufficient showing that Relators' action was brought primarily for improper purposes. Defendant argues that Relators had no direct or personal knowledge regarding their allegations and that they exclusively relied on publicly available information to form their original complaint (Mot. 20-22), but Relators adequately dispel this accusation by citing relevant internal emails that Relators produced and used in this litigation, along with portions of the original complaint derived from Relators' knowledge detailing Defendant's organizational structure and method of paying employee expenses (*see* Declaration of Ryan Davis Exs. 1-2, Dkt. No. 212-2; Dkt. No. 1 at ¶¶ 16-38). Defendant next points to an alleged "smear campaign" waged by Relators, but Defendant's proffered evidence demonstrates nothing more than one Relator twice posting a Daily Journal article covering Judge Phillips' denial of Defendant's motion to dismiss with minimal commentary. (*See* Declaration of Michael S. Lowe Ex. 23, Dkt. No. 205-23.) Though the posts garnered some

reactions and reposts, such press and social media announcements are exceedingly common in the wake of judicial decisions and alone serve as paltry evidence of any improper purpose in bringing this action.

Defendant also speculates that Relators' action "was an obvious tactic to gain an unfair advantage" in earlier-filed state court litigation, wherein Defendant "asserted counterclaims [against Relators] . . . for breach of confidentiality and employment agreements, theft of trade secrets, unfair competition and breaches of their fiduciary duties and loyalty." (Mot. 23.) Defendant asserts this lawsuit was used to "leverage a settlement in th[e] [state] case" and access Defendant's confidential and proprietary information after discovery had closed in the state matter. (*Id.*)

As to Defendant's first assertion, Defendant fails to provide any evidence regarding how this action was used to leverage any settlement; indeed, Realtors aver that no settlement discussions have occurred in the state case since that action was unsealed. Declaration of Majed Dakak ¶ 3, Dkt. No. 212-2; *see Gonzalez v. Planned Parenthood of L.A.*, No. 2:05-cv-08818-AHM-FMOx, 2009 WL 10655758, at *4 (C.D. Cal. Apr. 9, 2009) ("[W]ithout having details about the timing and outcome of that litigation, the Court does not consider the FCA litigation to be . . . vexatious."); *San Bernardino Mountains Cmty. Hosp. Dist.*, 2020 WL 6150959, at *4. As to Defendant's assertion regarding discovery, Defendant similarly fails to explain how or why Relators have or could have used information obtained in this case to their advantage in the state action. Even if Defendant could, such improper conduct would not lead the Court necessarily to conclude that Relators filed this action *primarily* for the purpose of gaining any advantage in the pending state court action, especially as Relators otherwise presented viable claims up to the point of summary judgment. *See U.S. ex rel. Haight v. Cath. Healthcare W.*, No. 01-cv-2253-PHX-FJMx, 2008 WL 607150, at *2 (D. Ariz. Feb. 29, 2008) ("However, § 3730(d)(4) provides that not only must evidence exist that plaintiffs were motivated by an improper purpose, but also

10

that their claims were brought 'primarily' for that purpose."); *San Bernardino Mountains Cmty. Hosp. Dist.*, 2020 WL 6150959, at *4.

Finally, the Court is not convinced that the SBA's inaction toward Relators' claims demonstrates that this lawsuit was vexatious or brought primarily for harassment purposes. (*See* Mot. 24-25.) As covered above, such information did not come to light until days before Defendant filed its summary judgment motion.

The Court concludes that Relators' action was not clearly vexatious nor brought primarily for purposes of harassment. Awarding Defendant attorneys' fees therefore is inappropriate.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion for Attorneys' Fees and Expenses.

IT IS SO ORDERED.

Date: March 4, 2024

*Dale S. Fischer*
Dale S. Fischer
United States District Judge